IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARVIN MALONE | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § |
| | § NO. 3-07-CV-2032-P |
| NATHANIEL QUARTERMAN, Director | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division | § |
| | § |
| Respondent. | § |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Marvin L. Malone, a Texas parolee, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part as successive and dismissed in part for failure to exhaust state remedies.

I.

In 1985, a Dallas County, Texas jury convicted petitioner of sexual assault of a child and sentenced him to 40 years confinement. His conviction was affirmed on direct appeal and upheld on state collateral review. *Malone v. State*, No. 05-85-01401-CR (Tex. App.--Dallas, Nov. 5, 1986, no pet.); *Ex parte Malone*, No. 18,818-06 (Tex. Crim. App. Apr. 5, 1995).[1] In 2003, after petitioner had been released to mandatory supervision, he sought federal habeas relief. The writ was dismissed on limitations grounds. *Malone v. Dretke*, No. 3-03-CV-2204-N, 2005 WL 819723 (N.D. Tex. Apr. 7, 2005), *rec. adopted*, 2005 WL 975500 (N.D. Tex. Apr. 26, 2005). A second federal writ was

---

[1] A second application for state post-conviction relief was dismissed for abuse of the writ. *Ex parte Malone*, No. 18,818-07 (Tex. Crim. App. Mar. 1, 2000).

dismissed as successive. *Malone v. Dretke*, No. 3-05-CV-1990-D, 2005 WL 3150239 (N.D. Tex. Nov. 14, 2005).

Petitioner now seeks federal habeas relief for a third time. In his third writ, petitioner, who lives in Oklahoma but is still on mandatory supervision, contends that parole authorities in Texas and Oklahoma lack jurisdiction over him because the underlying indictment was invalid. Petitioner also complains that the Oklahoma parole board filed a false charge against him in 2002, that he was required to spend additional time in prison and in a halfway house, that he has been denied certain sentence credits, and that the Texas parole board destroyed or altered his files. On January 4, 2008, the court sent written interrogatories to petitioner in order to obtain additional information about the factual basis of his claims and to ascertain whether he has exhausted his state remedies. Petitioner answered the interrogatories on January 14, 2008. The court now determines the claims are either successive or unexhausted.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

Petitioner contends that parole authorities in Texas and Oklahoma lack jurisdiction over him because the indictment in the underlying criminal case was invalid. Such an argument, though disguised as an attack on the terms of petitioner's mandatory supervision, is in reality an attack on his underlying conviction. *See Muela v. Quarterman*, No. 2-06-CV-0250-J, 2006 WL 3445225 at *2 (N.D. Tex. Nov. 21, 2006) (claim that parole board relied on unlawful conviction in denying early release dismissed as successive where petitioner had challenged conviction in prior federal writ). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

III.

To the extent petitioner challenges the terms of his mandatory supervision or the calculation of his sentence, such claims are not properly exhausted. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). Under Texas law, claims involving parole decisions or the conditions of parole are cognizable in an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Barnett v. Frizzell*, No. 3-04-CV-2585-B, 2005 WL 440443 at *2 (N.D. Tex. Feb. 24, 2005), *rec. adopted*, 2005 WL 701030 (N.D. Tex. Mar. 23, 2005) (citing cases). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991).

Petitioner was released to mandatory supervision on or about April 30, 2001. However, his last application for state post-conviction relief was filed sometime in 2000.[2] Because petitioner has failed to present any of his parole claims to the Texas Court of Criminal Appeals, those claims must be dismissed for failure to exhaust state remedies.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed. Those claims challenging the authority of Texas and Oklahoma parole officials to supervise petitioner based on the validity of the underlying indictment should be dismissed without prejudice pending review by a three-judge panel of the court of appeals. All other claims should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court takes judicial notice of the official website of Texas Court of Criminal Appeals, which confirms that petitioner has not filed a state writ of habeas corpus after April 30, 2001--the date he was released to mandatory supervision. *See http://www.cca.courts.state.tx.us/opinions/casesearch* (search for "Malone, Marvin").